Kristen Lake Cardoso (SBN 338762)
**KOPELOWITZ OSTROW P.A.**
One W Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel.: (954) 525-4100
cardoso@kolawyers.com

*Attorney for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMPAC MORTGAGE HOLDINGS, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff Fernando Martinez ("Plaintiff") brings this Class Action Complaint ("Complaint") against Impac Mortgage Holdings, Inc. ("Defendant") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to his own actions and his counsels' investigation, and upon information and belief as to all other matters, as follows:

## SUMMARY OF ACTION

1. Plaintiff brings this putative class action against Defendant for their failure to properly secure and safeguard a wide variety of documents ("Documents") and sensitive private information of Plaintiff and Class Members (defined below)

that were negligently maintained and exposed by Defendant in a recent Data Breach (the "Data Breach").

2. Defendant is a mortgage brokering and real estate solutions company offering mortgage lending, servicing, portfolio loss mitigation, real estate services, and the management of the securitized long-term mortgage portfolio.[1]

3. Defendant collected and maintained the Documents and Private Information belonging to Plaintiff and the putative Class Members, who provided it to Defendant, directly or indirectly.

4. Plaintiff's and Class Members' sensitive and confidential personal information—which he entrusted to Defendant on the mutual understanding that Defendant would protect it from public disclosure—was exposed to the world in the Data Breach.

5. On March 20, 2024, Defendant detected suspicious activity within its IT Network.[2]

6. Upon discovery, Defendant launched an investigation into its IT Network to determine the nature and scope of the Data Breach.[3] The investigation revealed that between February 21, 2024, and March 20, 2024, unauthorized actors gained access to Plaintiff's and Class Members' sensitive information including their names and Social Security numbers (collectively, "Private Information").[4]

7. Despite Defendant's discovery of the Data Breach on March 20, 2024, Defendant did not begin informing impacted individuals until on or about March 27,

---

[1] https://www.impaccompanies.com/aboutus (last visited Apr. 28, 2026).

[2] *See* "Notice Letter" attached hereto as Exhibit A.

[3] *Id.*

[4] *Id.*

2026 – over two years after Defendant's initial discovery.[5]

8. As a result of the disclosure, Plaintiff and Class Members suffered concrete injuries in fact including, but not limited to: (i) invasion of privacy; (ii) theft of their Documents and Private Information; (iii) lost or diminished value of the Documents and Private Information; (iv) loss of benefit of the bargain; (v) actual misuse of the compromised data (vi) statutory damages; (vii) nominal damages; and (viii) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the Private Information.

9. The Data Breach was a direct result of Defendant's failure to implement adequate and reasonable procedures and protocols necessary to protect individuals' Documents and Private Information from a foreseeable and preventable leak. Defendant could have prevented or mitigated the consequences of the Data Breach by, for example, promptly removing the Documents and Private Information from search engine indexing, limiting access to sensitive information to only necessary employees, requiring multi-factor authentication to verify access credentials, encrypting data at rest and in transit, monitoring their systems for signs of unusual activity or the disclosure of large volumes of data, and regularly rotating passwords.

10. Defendant maintained, used, and shared the Documents and Private Information in a reckless manner. In particular, the Documents and Private Information held and transmitted by Defendant in a condition vulnerable to a

[5] *Id.*; *see also* https://oag.ca.gov/system/files/Impac%20Mortage%20Holdings%20-%20Notice%20of%20Data%20Event%20-%20CA_Redacted.pdf (last visited Apr. 27, 2026); see also https://www.mass.gov/doc/2026-599-impac-mortgage-holdings-inc/download (last visited Apr. 27, 2026).

disclosure. Upon information and belief, the mechanism of the Data Breach and potential for improper disclosure of Plaintiff's and Class Members' Documents and Private Information was a known risk to Defendant, and thus, Defendant was on notice that failing to take steps necessary to secure the Documents and Private Information from those risks left that property in a dangerous condition.

11. Defendant disregarded the rights of Plaintiff and Class Members by, *inter alia*, intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure their data systems were protected against unauthorized disclosures; failing to take standard and reasonably available steps to prevent the Data Breach; failing to promptly remove the Documents and Private Information after learning of the disclosure; and failing to provide Plaintiff and Class Members prompt and accurate notice of the Data Breach.

12. Plaintiff's and Class Members' identities are now at risk because of Defendant's negligent conduct because the Documents and Private Information that Defendant collected and maintained have been accessed and acquired by hundreds, if not thousands, of individuals and likely cybercriminals who will use the Private Information to commit identity theft and fraud.

13. Armed with the Documents and Private Information accessed in the Data Breach, criminals likely have already engaged in identity theft and fraud and can in the future commit a variety of crimes including, *e.g.*, opening new financial accounts in Class Members' names, taking out loans in Class Members' names, using Class Members' information to obtain government benefits, filing fraudulent tax returns using Class Members' information, obtaining driver's licenses in Class Members' names but with another person's photograph, and giving false information to police during an arrest.

14. As a result of the Data Breach, Plaintiff and Class Members have been exposed to a heightened and imminent risk of fraud and identity theft. Plaintiff and

Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

15. Plaintiff and Class Members will also incur out of pocket costs, *e.g.*, for purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft.

16. Through this Complaint, Plaintiff seeks to remedy these harms on behalf of himself, and all similarly situated individuals whose Documents and Private Information were accessed during the Data Breach.

17. Plaintiff brings this class action lawsuit on behalf of all those similarly situated to address Defendant's inadequate safeguarding of Class Members' Documents and Private Information that they collected and maintained, and for failing to provide timely and adequate notice to Plaintiff and other Class Members that their Documents and Private Information had been subject to the unauthorized disclosure.

18. Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they should be entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

19. The Court has subject-matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). There are at least 100 putative Class Members, the aggregated claims of the individual Class Members exceed the sum or value of $5,000,000 exclusive of interest and costs, and members of the proposed Class are citizens of states different from Defendant.

20. The Court has jurisdiction over Defendant because it has its principal place of business in California.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action

occurred in this District, and Defendant's principal place of business is located in this District.

## PARTIES

22. Plaintiff is a resident and citizen of Miami, Florida.

23. Defendant is a Maryland stock corporation with its principal place of business located at 19800 MacArthur Boulevard, Suite 500, Irvine, California 92612.

## FACTUAL ALLEGATIONS

***Defendant's Businesses***

24. Defendant is a mortgage brokering and real estate solutions company offering mortgage lending, servicing, portfolio loss mitigation, real estate services, and the management of the securitized long-term mortgage portfolio.[6]

25. In the course of their relationship, Plaintiff and Class Members provided Defendant with their sensitive Documents and Private Information.

26. Upon information and belief, in the course of collecting Documents and Private Information from Plaintiff and Class Members, Defendant promised to provide confidentiality and adequate security for the data they collected from individuals through their applicable privacy policies and through other disclosures in compliance with statutory privacy requirements.

27. Defendant's Privacy Policy states: "To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings."[7]

28. Defendant blatantly disregarded the promises within its Privacy Policy

---

[6] https://www.impaccompanies.com/aboutus (last visited Apr. 28, 2026).

[7] https://www.impaccompanies.com/Privacy (last visited Apr. 28, 2026).

and allowed Plaintiff's and Class Members Documents and Private Information to be readily accessible on third-party search engines.

29. Plaintiff and the Class Members relied on these promises and on this sophisticated business entities to keep their sensitive Documents and Private Information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

***The Data Breach***

30. On March 20, 2024, Defendant detected suspicious activity within its IT Network.[8]

31. Upon discovery, Defendant launched an investigation into its IT Network to determine the nature and scope of the Data Breach.[9] The investigation revealed that between February 21, 2024, and March 20, 2024, unauthorized actors gained access to Plaintiff's and Class Members' sensitive information including their names and Social Security numbers (collectively, "Private Information").[10]

32. Despite Defendant's discovery of the Data Breach on March 20, 2024, Defendant did not begin informing impacted individuals until on or about March 27, 2026 – over two years after Defendant's initial discovery.[11]

33. Defendant was aware of the Data Breach and the magnitude of Documents and Private Information available to the general public, yet they did nothing in response to protect Plaintiff and Class Members for over two years.

34. Defendant had obligations created by the FTC Act, contract, common

---

[8] *See* "Notice Letter" attached hereto as Exhibit A.

[9] *Id.*

[10] *Id.*

[11] *Id.*; see also https://oag.ca.gov/system/files/Impac%20Mortage%20Holdings%20-%20Notice%20of%20Data%20Event%20-%20CA_Redacted.pdf (last visited Apr. 27, 2026); see also https://www.mass.gov/doc/2026-599-impac-mortgage-holdings-inc/download (last visited Apr. 27, 2026).

law, and industry standards to keep Plaintiff's and Class Members' Documents and Private Information confidential and to protect them from unauthorized access and disclosure.

35. Defendant did not use reasonable security procedures and practices appropriate to the nature of the sensitive information they were maintaining for Plaintiff and Class Members, causing the exposure of Documents and Private Information, such as encrypting the information or deleting it when it is no longer needed.

36. Moreover, Defendant could have prevented or mitigated the consequences of the Data Breach by limiting access to sensitive information to only necessary employees, requiring multi-factor authentication to verify access credentials, encrypting data at rest and in transit, monitoring their systems for signs of unusual activity or the disclosure of large volumes of data, and regularly rotating passwords.

37. As a result of Defendant's failures, the Documents containing unencrypted Private Information of Plaintiff and Class Members is now and forever available to the general public.

***Data Breaches Are Preventable***

38. Data Breaches are preventable.[12] As Lucy Thompson wrote in the Data Breach and Encryption Handbook, "In almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[13] She added that "[o]rganizations that collect, use, store, and share sensitive personal data must accept responsibility for protecting the information and ensuring that it is not compromised . . . ."[14]

---

[12] Lucy L. Thomson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012), available at https://lawcat.berkeley.edu/record/394088.
[13] *Id.* at 17.
[14] *Id.* at 28.

39. Defendant did not use reasonable security procedures and practices appropriate to the nature of the sensitive information they were maintaining for Plaintiff and Class Members, causing the exposure of Documents, such as encrypting the information or deleting it when it is no longer needed.

40. Defendant could have prevented this Data Breach by, among other things, properly encrypting or otherwise protecting their equipment and computer files containing Private Information.

41. Given that Defendant was storing a substantial amount of sensitive Private Information on their systems, Defendant could and should have implemented measures to prevent and detect Data Breaches.

42. The occurrence of the Data Breach indicates that Defendant failed to adequately implement any measures to prevent disclosures, resulting in the Data Breach and individuals acquiring and accessing the Documents and Private Information of thousands of individuals, including that of Plaintiff and Class Members.

***Defendant Acquire, Collect, And Store Individuals' Private Information***

43. Defendant acquires, collects, and stores a massive amount of Private Information in the regular course of their business operations.

44. Defendant requires individuals to entrust it with highly sensitive personal information.

45. By obtaining, collecting, and using Plaintiff's and Class Members' Private Information, Defendant assumed legal and equitable duties and knew or should have known that they were responsible for protecting Plaintiff's and Class Members' Documents and Private Information from disclosure.

46. Plaintiff and the Class Members have taken reasonable steps to maintain the confidentiality of their Documents and Private Information and would not have entrusted it to Defendant absent a promise to safeguard that information.

47. Upon information and belief, in the course of collecting Documents and Private Information from Plaintiff and Class Members, Defendant promised to provide confidentiality and adequate security for their data through their applicable privacy policies and through other disclosures in compliance with statutory privacy requirements.

48. Plaintiff and the Class Members relied on Defendant to keep their Documents and Private Information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

***Defendant Fail To Comply With FTC Guidelines***

49. The Federal Trade Commission ("FTC") has promulgated numerous guides for businesses which highlight the importance of implementing reasonable data security practices. According to the FTC, the need for data security should be factored into all business decision-making.

50. In 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, which established cyber-security guidelines for businesses. These guidelines note that businesses should protect the personal consumer information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.[15]

51. The FTC recommends that companies not maintain Private Information longer than is needed for authorization of a transaction; limit access to sensitive data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party

[15] *Protecting Personal Information: A Guide for Business*, Federal Trade Commission (2016). Available at https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf

service providers have implemented reasonable security measures.

52. The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect consumer data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

53. These FTC enforcement actions include actions against companies, like Defendant.

54. Section 5 of the FTC Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect Documents and Private Information. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

55. Defendant failed to properly implement basic data security practices.

56. Defendant's failure to employ reasonable and appropriate measures to protect against unauthorized disclosures of Documents and Private Information of Plaintiff and Class Members, or to comply with applicable industry standards constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

57. Upon information and belief, Defendant was at all times fully aware of their obligation to protect the Documents and Private Information they collect and store, Defendant was also aware of the significant repercussions that would result from their failure to do so. Accordingly, Defendant's conduct was particularly unreasonable given the nature and amount of Documents and Private Information they obtain and store and the foreseeable consequences of the immense damages that

would result to Plaintiff and the Class.

***Defendant Fail To Comply With Industry Standards***

58. Several best practices have been identified that, at a minimum, should be implemented by companies in possession of Private Information, like Defendant, including but not limited to: educating all employees; strong passwords; multi-layer security, including firewalls, anti-virus, and anti-malware software; encryption, making data unreadable without a key; multi-factor authentication; backup data and limiting which employees can access sensitive data. Defendant failed to follow these industry best practices, including a failure to implement multi-factor authentication.

***Common Injuries & Damages***

59. As a result of Defendant's ineffective and inadequate data security practices, the Data Breach, and the foreseeable consequences of Documents and Private Information ending up in the possession of unauthorized users, the risk of identity theft to the Plaintiff and Class Members has materialized and is imminent, and Plaintiff and Class Members have all sustained actual injuries and damages, including: (i) invasion of privacy; (ii) theft of their Documents and Private Information; (iii) lost or diminished value of Documents and Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (vii) statutory damages; (viii) nominal damages; and (ix) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the Private Information.

***Loss Of Benefit Of The Bargain***

60. Furthermore, Defendant's poor data security practices deprived Plaintiff and Class Members of the benefit of their bargain. When agreeing to pay Defendant for services, Plaintiff and other reasonable consumers understood and expected that they were, in part, paying for the product and/or service and necessary data security to protect their Documents and Private Information, when in fact, Defendant did not provide the expected security. Accordingly, Plaintiff and Class Members received services that were of a lesser value than what they reasonably expected to receive under the bargains they struck with Defendant.

***Plaintiff's Experience***

61. Plaintiff provided his Documents and Private Information to Defendant in order to keep the Documents in Defendant's private cloud storage service.

62. Upon information and belief, at the time of the Data Breach, Defendant maintained Plaintiff's Documents and Private Information on their system.

63. Plaintiff is very careful about sharing his sensitive Documents and Private Information. Plaintiff has never knowingly transmitted unencrypted sensitive Documents and Private Information over the internet or any other unsecured source. Plaintiff would not have entrusted his Documents and Private Information to Defendant had he known of Defendant's lax security policies.

64. As a result of the Data Breach, Plaintiff made reasonable efforts to respond to and mitigate the impact of the Data Breach, including researching the Data Breach and sorting through the various links available on search engines. Plaintiff has spent significant time dealing with the Data Breach—valuable time Plaintiff otherwise would have spent on other activities, including but not limited to work and/or recreation. This time has been lost forever and cannot be recaptured.

65. Plaintiff suffered actual injury from having his Documents and Private Information disclosed as a result of the Data Breach including, but not limited to: (i)

invasion of privacy; (ii) theft of his Documents and Private Information; (iii) lost or diminished value of Documents and Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (vii) statutory damages; (viii) nominal damages; and (ix) the continued and certainly increased risk to his Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the Documents and Private Information.

66. The Data Breach has caused Plaintiff to suffer fear, anxiety, and stress, which has been compounded by the fact that Defendant have still not fully informed him of key details about the Data Breachs' occurrence.

67. As a result of the Data Breach, Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach.

68. As a result of the Data Breach, Plaintiff is at a present risk and will continue to be at increased risk of identity theft and fraud for years to come.

69. Plaintiff has a continuing interest in ensuring that his Documents and Private Information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future disclosures. Plaintiff alleges that Defendant has failed to implement multi-factor authentication, limit access to sensitive Documents and Private Information to only necessary individuals, and require the encryption of data at rest and in transit.

## **CLASS ALLEGATIONS**

70. Plaintiff brings this nationwide class action on behalf of himself and on

behalf of all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2), 23(b)(3), 23(c)(4) and/or 23(c)(5).

71. The Class that Plaintiff seeks to represent is defined as follows:

> All individuals residing in the United States whose Documents and Private Information were disclosed as a result of the Data Breach (the "Class").

72. Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

73. Plaintiff reserves the right to amend the definitions of the Class or add a Class or Subclass if further information and discovery indicate that the definitions of the Class should be narrowed, expanded, or otherwise modified.

74. Numerosity: The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. Upon information and belief, the Class is comprised of thousands of members. The Class is apparently identifiable within Defendant's records.

75. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class members, including the following:

a. Whether and to what extent Defendant had a duty to protect the Documents and Private Information of Plaintiff and Class Members;

b. Whether Defendant had respective duties not to disclose the Documents and Private Information of Plaintiff and Class Members to third parties;

c. Whether Defendant had respective duties not to use the Documents and Private Information of Plaintiff and Class Members for non-business purposes;

d. Whether Defendant failed to adequately safeguard the Documents and Private Information of Plaintiff and Class Members;

e. Whether and when Defendant actually learned of the Data Breach;

f. Whether Defendant adequately, promptly, and accurately informed Plaintiff and Class Members that their Documents and Private Information had been disclosed;

g. Whether Defendant violated the law by failing to promptly notify Plaintiff and Class Members that their Documents and Private Information had been disclosed;

h. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information disclosed in the Data Breach;

i. Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

j. Whether Plaintiff and Class Members are entitled to actual damages, statutory damages, and/or nominal damages as a result of Defendant's wrongful conduct;

k. Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of the Data Breach.

76. <u>Typicality:</u> Plaintiff's claims are typical of those of the other members of the Class because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffers from the same violations of the law as each other member of the Class.

77. Policies Generally Applicable to the Class: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenges of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

78. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that he has no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members and the infringement of the rights and the damages he has suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class action and data security litigation, and Plaintiff intends to prosecute this action vigorously.

79. Superiority and Manageability: The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

80. The nature of this action and the nature of laws available to Plaintiff

and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class Members for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

81. The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

82. Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

83. Unless a Class-wide injunction is issued, Defendant may continue in their failure to properly secure the Documents and Private Information of Class Members, Defendant may continue to refuse to provide proper notification to Class Members regarding the Data Breach, and Defendant may continue to act unlawfully as set forth in this Complaint.

84. Further, Defendant have acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class- wide basis.

85. Likewise, particular issues are appropriate for certification because such claims present only particular, common issues, the resolution of which would

advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

a. Whether Defendant failed to timely notify the Plaintiff and the class of the Data Breach;

b. Whether Defendant owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their Documents and Private Information;

c. Whether Defendant's security measures to protect their data were reasonable in light of best practices recommended by data security experts;

d. Whether Defendant's failure to institute adequate security measures amounted to negligence;

e. Whether Defendant failed to take commercially reasonable steps to safeguard consumer Documents and Private Information; and Whether adherence to FTC data security recommendations, and measures recommended would have reasonably prevented the Data Breach.

## CAUSES OF ACTION

## <u>COUNT I</u>

## Negligence

## (On Behalf of Plaintiff and the Class Under California Law)

86. Plaintiff re-alleges and incorporates by reference all preceding allegations contained in paragraphs 1-85, as if fully set forth herein.

87. Defendant allowed individuals to submit non-public Documents and Private Information in the ordinary course of rendering services.

88. Defendant gathered and stored the Documents and Private Information of Plaintiff and Class Members as part of their regular course of business operations, which solicitations and services affect commerce.

89. Plaintiff and Class Members entrusted Defendant with their Documents and Private Information with the understanding that Defendant would safeguard their information.

90. Defendant had full knowledge of the sensitivity of the Documents and Private Information and the types of harm that Plaintiff and Class Members could and would suffer if the information was wrongfully disclosed.

91. By voluntarily undertaking and assuming the responsibility to collect and store this data, and in fact doing so, and sharing it and using it for commercial gain, Defendant had a duty of care to use reasonable means to secure and safeguard the information—and Class Members' Documents held within it—to prevent disclosure of the information, and to safeguard the information. Defendant's duty included a responsibility to implement processes by which they could detect a disclosure of Documents and Private Information in a reasonably expeditious period of time and to give prompt notice to those affected in the case of a disclosure.

92. Defendant had a duty to employ reasonable measures under Section 5 of the FTC Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

93. Defendant owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards and other requirements discussed herein, and to ensure that its systems and networks adequately protected the Documents and Private Information.

94. Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiff and Class Members. That special relationship arose because Plaintiff and the Class entrusted Defendant with their confidential Documents and Private Information, a necessary part of using Defendant's services.

95. Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant are bound by industry standards to protect confidential Documents and Private Information.

96. Defendant was subject to an "independent duty," untethered to any contract between Defendant and Plaintiff or the Class.

97. Defendant also had a duty to exercise appropriate clearinghouse practices to remove former customers' Documents and Private Information they were no longer required to retain pursuant to regulations.

98. Moreover, Defendant had a duty to promptly and adequately notify Plaintiff and the Class of the Data Breach.

99. Defendant had and continues to have a duty to adequately disclose that Documents and Private Information of Plaintiff and the Class within Defendant's possession might have been compromised, how it was compromised, and precisely the types of data that were compromised and when. Such notice was necessary to allow Plaintiff and the Class to take steps to prevent, mitigate, and repair any identity theft and the fraudulent use of their Documents and Private Information by third parties.

100. Defendant breached their duties, pursuant to the FTC Act, and other applicable standards, and thus were negligent, by failing to use reasonable measures to protect Class Members' Documents and Private Information. The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

a. Failing to adopt, implement, and maintain adequate security measures to safeguard Class Members' Documents and Private Information;

b. Allowing unauthorized access to Class Members' Documents and Private Information;

c. Failing to detect in a timely manner that Class Members' Documents and Private Information had been disclosed;

d. Failing to remove former users' Documents and Private Information they were no longer required to retain pursuant to regulations, and

e. Failing to timely and adequately notify Class Members about the Data Breaches' occurrence and scope, so that they could take appropriate steps to mitigate the potential for identity theft and other damages.

101. Plaintiff and Class Members were within the class of persons the FTC Act was intended to protect and the type of harm that resulted from the Data Breach was the type of harm that the statutes were intended to guard against.

102. Defendant's violation of Section 5 of the FTC Act constitutes negligence.

103. The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

104. A breach of confidentiality, unauthorized access, and resulting injury to Plaintiff and the Class was reasonably foreseeable, particularly in light of Defendant's inadequate practices.

105. It was foreseeable that Defendant's failure to use reasonable measures to protect Class Members' Documents and Private Information would result in injury to Class Members.

106. Defendant have full knowledge of the sensitivity of the Documents and Private Information and the types of harm that Plaintiff and the Class could and would suffer if the Documents and Private Information were wrongfully disclosed.

107. Plaintiff and the Class were the foreseeable and probable victims of any inadequate practices and procedures. Defendant knew or should have known of the

inherent risks in collecting and storing the Documents and Private Information of Plaintiff and the Class and the critical importance of providing adequate security of those Documents and Private Information.

108. It was therefore foreseeable that the failure to adequately safeguard Class Members' Documents and Private Information would result in one or more types of injuries to Class Members.

109. Plaintiff and the Class had no ability to protect their Documents and Private Information that were in, and possibly remains in, Defendant's possession.

110. Defendant was in a position to protect against the harm suffered by Plaintiff and the Class as a result of the Data Breach.

111. Defendant's duty extended to protecting Plaintiff and the Class from the risk of foreseeable criminal conduct of third parties, which has been recognized in situations where the actor's own conduct or misconduct exposes another to the risk or defeats protections put in place to guard against the risk, or where the parties are in a special relationship. See Restatement (Second) of Torts § 302B. Numerous courts and legislatures have also recognized the existence of a specific duty to reasonably safeguard personal information.

112. But for Defendant's wrongful and negligent breach of duties owed to Plaintiff and the Class, the Documents and Private Information of Plaintiff and the Class would not have been disclosed.

113. There is a close causal connection between Defendant's failure to implement measures to protect the Documents and Private Information of Plaintiff and the Class and the harm, or risk of imminent harm, suffered by Plaintiff and the Class. The Documents and Private Information of Plaintiff and the Class was accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such Documents and Private Information by adopting, implementing, and maintaining appropriate security measures.

114. As a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) invasion of privacy; (ii) theft of their Documents and Private Information; (iii) lost or diminished value of Documents and Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (vii) statutory damages; (viii) nominal damages; and (ix) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the Private Information.

115. Additionally, as a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will suffer the continued risks of exposure of their Documents and Private Information, which remain in Defendant's possession and are subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the Documents and Private Information in their continued possession.

116. Plaintiff and Class Members are entitled to compensatory and consequential damages suffered as a result of the Data Breach.

117. Plaintiff and Class Members are also entitled to injunctive relief requiring Defendant to (i) strengthen their systems and monitoring procedures; and (ii) submit to future annual audits of those systems and monitoring procedures.

## COUNT II

**Breach of Implied Contract**

**(On Behalf of Plaintiff and the Class Under California Law)**

118. Plaintiff re-alleges and incorporates by reference all preceding allegations contained in paragraphs 1-85, as if fully set forth herein.

119. When Plaintiff and Class Members provided their Documents and Private Information to Defendant in exchange for Defendant's services, they entered implied contracts with Defendant under which Defendant agreed to reasonably protect such information.

120. Defendant solicited, offered, and invited Class Members to provide their Documents and Private Information as part of their regular business practices. Plaintiff and Class Members accepted Defendant's offers and provided their Private Information to Defendant.

121. In entering such implied contracts, Plaintiff and Class Members reasonably believed and expected that Defendant's data practices complied with relevant laws and regulations, and adhered to industry standards.

122. Plaintiff and Class Members paid money to Defendant or had money paid to Defendant on their behalf with the reasonable belief and expectation that Defendant would use part of the earnings generated from customers to obtain adequate data practices. Defendant failed to do so.

123. Plaintiff and Class Members would not have entrusted their Documents and Private Information to Defendant in the absence of the implied contract between them and Defendant to keep their information reasonably secure.

124. Plaintiff and Class Members would not have entrusted their Documents and Private Information to Defendant in the absence of its implied promise to ensure that it adopted reasonable data security measures.

125. Plaintiff and Class Members fully and adequately performed their obligations under the implied contracts with Defendant.

126. Defendant breached its implied contracts with Class Members by failing to safeguard and protect their Documents and Private Information.

127. As a direct and proximate result of Defendant's breach of the implied contracts, Class Members sustained damages as alleged here, including the loss of the benefit of the bargain.

128. Plaintiff and Class Members are entitled to compensatory, consequential, and nominal damages suffered because of the Data Breach.

129. Plaintiff and Class Members are also entitled to injunctive relief requiring Defendant to, e.g., (i) strengthen its data security systems and monitoring procedures; and (ii) submit to future annual audits of those systems and monitoring procedures.

**COUNT III**

**Unjust Enrichment**

**(On Behalf of Plaintiff and the Class Under California Law)**

130. Plaintiff re-alleges and incorporates by reference all preceding allegations contained in paragraphs 1-85, as if fully set forth herein.

131. Plaintiff and Class Members conferred a monetary benefit on Defendant. Specifically, they provided Defendant with payments, directly or indirectly, in exchange for services. In exchange, Plaintiff and Class Members should have had their Documents and Private Information protected with adequate data security.

132. Defendant knew that Plaintiff and Class Members conferred a benefit upon them and accepted and retained that benefit by accepting the payments and retaining the Documents and Private Information entrusted to them. Defendant profited from Plaintiff's retained data and used Plaintiff's and Class Members' Documents and Private Information for business purposes.

133. Defendant failed to secure Plaintiff's and Class Members' Documents and Private Information and, therefore, did not fully compensate Plaintiff or Class Members for the value of their payments and that their Documents and Private

Information provided.

134. Defendant acquired the Documents and Private Information through inequitable means as they failed to investigate and/or disclose the inadequate data security practices previously alleged.

135. If Plaintiff and Class Members had known that Defendant would not use adequate data security practices, procedures, and protocols to adequately monitor, supervise, and secure their Documents and Private Information, they would not have entrusted their Documents and Private Information to Defendant or obtained services from Defendant.

136. Plaintiff and Class Members have no adequate remedy at law.

137. Defendant enriched themselves by saving the costs they reasonably should have expended on data security measures to secure Plaintiff's and Class Members' Documents and Private Information. Instead of providing a reasonable level of security that would have prevented the Data Breach, Defendant instead calculated to increase their own profit at the expense of Plaintiff and Class Members by utilizing cheaper, ineffective security measures and diverting those funds to their own profit. Plaintiff and Class Members, on the other hand, suffered as a direct and proximate result of Defendant's decision to prioritize their own profits over the requisite security and the safety of their Documents and Private Information.

138. Under the circumstances, it would be unjust for Defendant to be permitted to retain any of the benefits that Plaintiff and Class Members conferred upon them.

139. Plaintiff and Class Members are entitled to full refunds, restitution, and/or damages from Defendant and/or an order proportionally disgorging all profits, benefits, and other compensation obtained by Defendant from their wrongful conduct. This can be accomplished by establishing a constructive trust from which the Plaintiff and Class Members may seek restitution or compensation.

140. Plaintiff and Class Members may not have an adequate remedy at law against Defendant, and accordingly, they plead this claim for unjust enrichment in addition to, or in the alternative to, other claims pleaded herein.

**COUNT IV**

**Violation of the California Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200, et seq. Unlawful Business Practices**

**(On Behalf of Plaintiff and the Class Under California Law)**

141. Plaintiff, individually and on behalf of the Class Members re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 85.

142. Plaintiff pleads this claim for equitable relief, including restitution and injunctive relief, in the alternative to his claims for damages.

143. The UCL proscribes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §17200.

144. Defendant's actions as alleged herein in this Class Action Complaint constitute an “unlawful" practice as encompassed by Cal. Bus. & Prof. Code § 17200, et seq. because Defendant's actions: (a) violated the California Consumer Records Act, Cal. Civ. Code § 1798.80, et seq., (b), violated the CCPA, Cal. Civ. Code 1798.100, et seq., (c) constituted negligence; and (d) violated, federal law and regulations, including the FTC Act.

145. Defendant engaged in unlawful acts and practices with respect to the services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' PII with knowledge that the information would not be adequately protected; and by storing Plaintiff's and Class Members' Personal Information in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code §

1798.81.5, which requires Defendant to take reasonable methods for safeguarding the PII of Plaintiff and the Class Members.

146. In addition, Defendant engaged in unlawful acts and practices by failing to disclose the Data Breach in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82.

147. Defendant's actions as alleged in this Class Action Complaint also constitute an, "unfair" practice as encompassed by Cal. Bus. & Prof. Code § 17200, et seq., because they offend, established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially, injurious. The harm caused by Defendant's wrongful conduct outweighs any utility of such conduct, and has caused-and will continue to cause-substantial injury to the Class, including Plaintiff. There were ample reasonably available alternatives that would have furthered Defendant's legitimate business practices, including using industry-standard technologies to protect data (e.g.,,two-factor authorization, effective encryption and anonymization, compartmentalization of sensitive, data, software patches, limiting how much data any user may access, and the purging of data no, longer necessary for Defendant's services). Defendant also unreasonably delayed in notifying, Plaintiff and Class Members regarding the unauthorized release and disclosure of, their PII. Additionally, Defendant's conduct was "unfair" because it violated the legislatively, declared policies reflected by California's strong data-breach and online-privacy laws, including the California Consumer Records Act, Cal. Civ. Code § 1798.80, et seq., and the CCPA, Cal. Civ. Code § 1798.100, et seq.

148. Defendant's conduct also is deceptive in violation of the UCL. Defendant's fraudulent business acts and practices include:

a. Failing to adequately secure the personal information of Plaintiff and Class Members from disclosure to unauthorized third parties or for improper purposes;

b. Enabling the disclosure of personal and sensitive facts about Plaintiff and Class Members in a manner highly offensive to a reasonable person;

c. Enabling the disclosure of personal and sensitive facts about Plaintiff and Class Members without their informed, voluntary, affirmative, and clear consent;

d. Omitting, suppressing, and concealing the material fact that Defendant did not reasonably or adequately secure Plaintiff and Class Members' personal information.

149. Defendant's omissions were material because they were likely to deceive reasonable consumers about the adequacy of its data security and ability to protect the confidentiality of Plaintiff's and Class Members' personal information.

150. There were reasonably available alternatives that would have furthered Defendant's business interests of electronically transferring its clients' and employees' information while protecting PII.

151. A reasonable person would regard Defendant's derelict data security and the Data Breach as important, material facts that could and should have been disclosed.

152. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent practices and acts, Plaintiff and Class Members were injured and lost money or property, including but not limited to the price received by Defendants for the products and services, the loss of Plaintiff and Class Members' legally protected interest in the confidentiality and privacy of their PII, nominal damages, and additional losses as described herein.

153. Defendant knew or should have known that its computer systems and data security practices were inadequate to safeguard Plaintiff's and Class Members' PII and that the risk of a data breach or theft was highly likely. Defendant's actions

in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and Class Members.

154. Defendant's wrongful practices constitute a continuing course of unfair competition because, on information and belief, Defendant has failed to remedy the lax security practices or even fully notify all affected California persons. Plaintiff and Class Members seek equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 to end Defendant's wrongful practices and require Defendant to maintain adequate and reasonable security measures to protect the PII of Plaintiff and Class Members.

155. Plaintiff and Class Members lack an adequate remedy at law because the injuries here include an imminent risk of identity theft and fraud that can never be fully remedied through damages.

156. Further, if an injunction is not issued, Plaintiff and Class Members will suffer irreparable injury. The risk of another such breach is real, immediate, and substantial. Defendant has still not provided adequate information on the cause and scope of the Data Breach. Plaintiff and Class Members lack an adequate remedy at law that will reasonably protect against the risk of a further breach.

157. Plaintiff, on behalf of himself and Class Members, seeks relief under Cal. Bus. & Prof. Code § 17200, et seq., including, but not limited to, restitution to Plaintiff and Class Members of money or property that Defendant may have acquired by means of its unlawful, and unfair business practices, disgorgement of all profits accruing to Defendant because of its unlawful and unfair business practices, declaratory relief, attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and Class Members, requests judgment against Defendant and that the Court grants the following:

A. For an Order certifying the Class, and appointing Plaintiff and his Counsel to represent the Class;

B. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the Documents and Private Information of Plaintiff and Class Members;

C. For injunctive relief requested by Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class Members, including but not limited to an order:

i. prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

ii. requiring Defendant to protect, including through encryption, all data collected through the course of their business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

iii. requiring Defendant to delete, destroy, and purge the personal identifying information of Plaintiff and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiff and Class Members;

iv. requiring Defendant to provide out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax

fraud, and/or unauthorized use of their Documents and Private Information for Plaintiff's and Class Members' respective lifetimes;

v. requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of the Documents and Private Information of Plaintiff and Class Members;

vi. prohibiting Defendant from maintaining the Documents and Private Information of Plaintiff and Class Members on a cloud-based database;

vii. requiring Defendant to audit, test, and train their security personnel regarding any new or modified procedures;

viii. requiring Defendant to conduct regular database scanning and securing checks;

ix. requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling personal identifying information, as well as protecting the Documents and Private Information of Plaintiff and Class Members;

x. requiring Defendant to routinely and continually conduct internal training and education, and on an annual basis to inform internal security personnel how to identify and contain a leak when it occurs and what to do in response to a leak;

xi. requiring Defendant to meaningfully educate all Class Members about the threats that they face as a result of the loss of their

Documents and Private Information to third parties, as well as the steps affected individuals must take to protect themselves; and

xii. for a period of 10 years, appointing a qualified and independent third party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Defendant's compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the class, and to report any deficiencies with compliance of the Court's final judgment;

D. For an award of damages, including actual, nominal, statutory, consequential, and punitive damages, as allowed by law in an amount to be determined;

E. For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F. For prejudgment interest on all amounts awarded; and

G. Such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: April 29, 2026

Respectfully Submitted,

By: /s/*Kristen Lake Cardoso*
Kristen Lake Cardoso (SBN 338762)
**KOPELOWITZ OSTROW P.A.**
One W Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel.: (954) 525-4100
cardoso@kolawyers.com

*Attorney for Plaintiff and the Proposed Class*